No. 6084.

STATE OF LOUISIANA vs. JACK THOMAS, ALIAS BLIND JACK.

Admitting it to be good law that, under an indictment or information for burglary and larceny, the jury may find the accused guilty of both, or either of them, the accused in this case had no cause to complain of the charge by the judge, as it was more favorable to him than it would have been with the additional charge asked by his counsel. Under the charge they were to find him guilty of both crimes, or not guilty of either : whereas, under the other charge asked for, they would be authorized, in case they did not find him guilty of burglary, to find him guilty of larceny, He was therefore in a better position under the charge as given than he would have been under the one that was asked. Under such circumstances it is not necessary to reverse the judgment and remand the case for a new trial.

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche. *Beattie*, J. *T. L. Winder*, District Attorney, and *A. P. Field*, Attorney General, for plaintiff and appellee. *Clay Knobloch* and *J. S. Billieu*, for defendant and appellant.

HOWELL, J. The defendant, having been found guilty on an information for burglary and larceny, and sentenced to imprisonment at hard labor in the Penitentiary for ten years, appealed.

On the trial the district judge charged the jury that " under the information the jury were restricted to two verdicts, to wit : ' guilty ' or ' not guilty,' whereupon counsel for accused asked his honor to charge

State of Louisiana vs. Thomas.

the jury that they could likewise, under the information in said case, bring in a verdict 'guilty of larceny,' which charge his honor, the judge, refused to give, whereupon counsel for the accused reserved this bill of exceptions." Admitting it to be good law that, under an indictment or information for burglary and larceny, the jury may find the accused guilty of both or either offense, the accused in this case had no cause to complain of the charge given by the judge, as it was more favorable to him than it would have been with the additional charge asked, for under the charge given the jury would have to find him not guilty, although they might think him guilty of larceny *only*. Under the charge they were to find him guilty of both crimes or not guilty of either, and if they should think him not guilty of burglary, but guilty of larceny, then they would have to find him not guilty ; whereas, under the additional charge asked, they would be authorized, in such contingency, to find him guilty of larceny. He was therefore in a better position under the charge as given than he would have been, had the judge given also the charge asked for. We do not think, under the circumstances, it is necessary to reverse the judgment and remand the case for another trial. The jury evidently thought the accused guilty of both crimes.

Judgment affirmed.